## [No. 2116.]

### Ned Strickland v. The State.

1. Murder — Indictment.— It is, in this State, a well-established principle of criminal pleading, that an indictment, to be sufficient, must charge affirmatively, and not by way of conclusion, all of the acts and omissions which enter into the composition of the offense sought to be charged. Under this rule, to charge murder, the indictment must not only allege that the accused, with his malice aforethought, murdered the deceased, but that he *killed* the deceased. See the opinion *in extenso* on the question.

2. Same — Arrest of Judgment.— The charging part of the indictment in this case reads as follows: "That Ned Strickland, late, etc., on the 10th day of December, 1884, in said county and State of Texas, did then and there, with malice aforethought, murder Allen Forsyth, by shooting him with a gun." *Held*, fatally defective in that it does not charge affirmatively that the accused, with his malice aforethought, *killed* Allen Forsyth; wherefore the motion in arrest of judgment should have prevailed.

Appeal from the District Court of Panola. Tried below before the Hon. J. G. Hazlewood.

Under an indictment, the charging part of which is set out in the second head-note of this report, and in the opinion of the court, the appellant was convicted of murder in the first degree, and was awarded a life term in the penitentiary as his punishment.

*W. W. Spivey*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

HURT, JUDGE.   Strickland stands convicted of murder of the first degree, with penalty at imprisonment for life.   His counsel moved in arrest because of defective indictment, the charging part of which is as follows: "That Ned Strickland, late, etc., on the 10th day of December, 1884, in said county and State of Texas, did then and there, with malice aforethought, murder Allen Forsyth by shooting him with a gun."

The objection urged to the indictment is that it does not allege directly that defendant *killed* the deceased, but only charges a conclusion.

An unlawful killing of a reasonable being with malice aforethought is murder.   Murder is a conclusion drawn by law from an unlawful killing with malice aforethought.   This offense has but two elements: 1st, an unlawful killing; 2d, that the act of killing was prompted by malice aforethought.

Now if there is any one proposition settled by this court, it is that each and every element,— act or omission,— entering into the composition of an offense, be the offense what it may, small or great, must be alleged in the indictment; and it is equally well settled that the *acts and omissions* must be charged directly and not inferentially, and that to charge conclusions at law will not suffice,— the acts constituting the offense must be set forth in plain language.

This indictment simply alleges that defendant did *murder* Forsyth by shooting him with a gun.   Is this a direct allegation that he killed Forsyth?   Of course it is not possible for a person to murder another without committing homicide.   There must in every case be a killing in order that there be a *murder*.   This is not the question.   The question before us is one of pleading.   It is also true that no person can commit theft without fraudulently taking the property of another without his consent and with the intent to deprive the owner of the value thereof, and appropriate the same to his use and benefit.   And it is equally true, to commit rape there must be carnal knowledge by force, threats or fraud, or carnal knowledge of a female under ten years, with or without force, threats or fraud, with or without her consent.   Will it be contended that an indictment for theft which simply alleges that A. B. did commit theft of the horse of C. D. would be sufficient?   Or that A. B. did rape C. D.?   Or that A. B. did commit burglary by entering the house of

C. D.? Most evidently not; and why? Because in the supposed cases nothing but conclusions of law are charged, whereas the rule, which is as old as enlightened jurisprudence itself, requires that the acts and intents — the elements of the offense — must be set forth in plain language. Most, if not all, offenses are composed of more than one fact —*primary facts*— and these must be charged.

Let us take the illustrations given by Mr. Bishop. "For example, if it charges simply that the defendant committed larceny, it discloses only a secondary fact, produced by a combination of *primary* facts and law; or, in other words, it is a conclusion of the law upon the facts. And this is not a fit statement upon which to put the accused person on his trial. The pleader should set out the *primary facts*, disconnected with the law, and then the court, applying the law to them, will deduce the legal result." (Italics ours.)

We do not suppose that it will be questioned that the killing — the homicide — is a primary fact in murder. If so, the rule without exception requires that this indictment, to be sufficient, must charge that defendant *did kill* some person. The fact of the *killing* of the deceased, and that such killing was with malice aforethought, are the great questions in every trial for murder.

At common law *it was essentially necessary to set forth particularly the manner of the killing* and the means by which it was effected. This is rendered unnecessary by the act of March 26, 1881. But this act, known as the common-sense bill, does not render unnecessary the allegation that the accused *killed* the deceased. The form therein prescribed requires such an allegation, and we here hold that an indictment for murder drawn under this form is sufficient, because it, the form, contained each and every element of which murder is composed.

Upon this subject Mr. Wharton says: "The wound must be alleged to have been mortal, *and death therefrom must be distinctly averred.* The averment that the defendant 'killed' the deceased on a certain day implies that the latter died on such day." (Whart. Crim. Law, vol. 1, §§ 536, 537.)

Thus we see that an indictment for murder must allege the infliction of a wound, if by violence; that such wound was mortal, and that deceased died within a year and a day from the infliction of the wound. Since the act of March 26, 1881, it is not necessary for the indictment to describe the wound in any manner, nor to allege that it was mortal, nor to allege in terms that the deceased died therefrom. The allegation that defendant, with his malice aforethought, with certain means, did kill and murder deceased is

sufficient, but the killing must be directly, and not inferentially, alleged.

We are therefore of the opinion that an indictment for murder which fails to allege that the accused killed the deceased is fatally defective; that to allege that the accused murdered deceased is but a conclusion of law, which can be made by the court from the primary facts charged in the indictment, and that these primary facts, not the mere conclusions of law made therefrom, must be set forth in the indictment to make it sufficient.

The judgment should have been arrested because of insufficient indictment; and because appellant's motion in arrest was overruled by the court, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

[Opinion delivered December 9, 1885.]